[Criminal No. 448.   Filed April 18, 1918.]

[172 Pac. 276.]

## E. F. COOPER, Appellant, v. STATE, Respondent.

1. INTOXICATING LIQUORS — UNLAWFUL SALE — CONSTITUTIONAL PROVISION.—Constitution, article 23, forbidding the sale and distribution of intoxicating liquors of any kind to any person in the state, containing no exception as to that prescribed or sold for medicinal purposes, is not a regulatory provision, but one of suppression, and does not permit the sale of a compound of ardent spirits with other ingredients labeled Jamaica ginger and sometimes used for medicinal purposes.

    [As to Jamaica ginger or the like as intoxicating liquor, see note in Ann. Cas. 1916B, 370.]

2. INTOXICATING LIQUORS—OFFENSES—QUESTION FOR JURY.—In a prosecution under Constitution, article 23, forbidding the sale of intoxicating liquors, *held* on the evidence that the intoxicating quality of the Jamaica ginger sold by defendant was for the jury.

3. INTOXICATING LIQUORS — OFFENSES — CRIMINAL INTENT OR GUILTY KNOWLEDGE.—Under Constitution, article 23, forbidding the sale of intoxicating liquors of any kind, the defendant's good faith in thinking that he might sell the essence of Jamaica ginger was no defense, as criminal intent or guilty knowledge is not a necessary element of the offense.

APPEAL from a judgment of the Superior Court of the county of Graham. F. B. Laine, Judge. Affirmed.

Mr. W. K. Dial, for Appellant.

Mr. Wiley E. Jones, Attorney General, and Mr. R. W. Kramer, Mr. L. B. Whitney and Mr. George W. Harben, Assistant Attorneys General, for the State.

ROSS, J.—The only question involved in this appeal is as to whether the essence of Jamaica ginger is an intoxicating liquor within the meaning of the constitutional provision prohibiting the sale, exchange, etc., of intoxicating liquors.

The appellant is a druggist carrying on a drug business in the town of Safford, Graham county, this state. He admitted the sale charged in the information, as well also others, in the regular course of his business as a druggist, but con-

tended it was prepared as a medicine and that, as such, he sold it. Evidence was submitted showing that 91 per cent of the contents of the Jamaica ginger was alcohol, and the label on the container represented the alcoholic content as 83 per cent. A witness testified that, by diluting and sweetening it, it could be drunk in quantities sufficient to produce intoxication.

The Constitution forbids the sale and disposition of ardent spirits, ale, beer, and wine, and of intoxicating liquors of any kind to any person in the state of Arizona. Article 23, Constitution. It contains no exceptions, as that it may be prescribed and sold as a medicine, or for medicinal purposes. Neither doctors nor druggists, nor anyone else, may sell or dispose of any of the named or described liquors as such, or when compounded as a medicine. It is not a regulatory provision, but one of outlawry. It is one of suppression, and not one of supervision. The fact that ardent spirits are mixed with other ingredients and, as thus compounded, labeled Jamaica ginger and sometimes used for medicinal purposes, does not change the situation, for as we said in *Brown* v. *State,* 17 Ariz. 314, 152 Pac. 578:

"Of course, the name by which it was called cannot affect its kind or quality. It is the stuff of which it is made, and not its name, that gives it place among the prohibited liquors named in the Constitution."

That the appellant may have, in good faith, thought he had a right to sell the essence of Jamaica ginger, might be a proper consideration in fixing his punishment or for the pardoning power, but unavailing as a defense. Criminal intent or guilty knowledge is not a necessary element in this offense. *Troutner* v. *State,* 17 Ariz. 506, L. R. A. 1916D, 262, 154 Pac. 1048; *Hall* v. *State, ante,* p. 12, 165 Pac. 300.

The question as to the intoxicating quality of the admixture sold, being one of fact, was properly submitted to the jury along with the general issue.

Finding no error, the judgment is affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

On the question as to mistake in beverage as defense to charge of illegal sale of liquor, see notes in 6 L. R. A. (N. S.) 477, 21 L. R. A. (N. S.) 525, and L. R. A. 1916D, 266.