## APOLLO OPERATING CORPORATION v. ANDERSON.

### No. 146.

Circuit Court of Appeals, Second Circuit.

Jan. 18, 1932.

Joseph P. Bickerton, Jr., of New York City (Sidney R. Fleisher, of New York City, of counsel), for appellant.

George Z. Medalie, U. S. Atty., of New York City (Harry G. Herman, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Appellant was the lessee and operator of the Apollo Theatre in New York City, at which a play was produced between June, 1926, and June, 1927. During this time the box office received $51,598 above established prices for the tickets sold. The Commissioner taxed this sum under the provision of section 500 (a) of the Revenue Act of 1926, subdivision 3, 26 USCA § 871 (a) (3), of which provides: "A tax equivalent to 50 per centum of the amount for which the proprietors, managers, or employees of any * * * theater, or other place of amusement sell or dispose of tickets or cards of admission in excess of the regular or established price or charge therefor, such tax to be returned and paid, in the manner and subject to the interest provided in section 602, by the person selling such tickets."

It is contended by the appellant that this sum of money was received in the form of gratuities or tips and was not received as an amount in addition to the established price of the tickets. And it is argued that it is therefore untaxable. It is said that such moneys were received by the box office employees and that appellant is not responsible for any tax thereon.

The trial court submitted two questions to the jury: First, whether the amount received was a gratuity or part of the purchase price of the tickets; second, whether the tickets were sold by the appellant or by the box office manager. The jury resolved both these questions against the appellant. The moneys received were divided 75 per cent. to the appellant and 25 per cent. to the box office manager.

This appeal presents the question of the constitutionality of section 500 (a), subdivision 3, of the Revenue Act of 1926 (Feb. 26, 1926, c. 27, 44 Stat. 91, 26 USCA § 871 (a) (3), and whether there is any evidence to support the finding of the jury. We considered the constitutionality of subdivision 2 of section 500 (a) of the Revenue Act of 1926, 26 USCA § 871 (a) (2), in Alexander Theatre Ticket Office v. United States, 23 F.(2d) 44, 47, and held subdivision 2 to be constitutional. That subdivision imposed a tax of 5 per cent. or 50 per cent. of the amount above the established price of the ticket, depending upon whether or not this excess sum was 50 cents or less, or more than 50 cents, if the ticket was sold away from the box office of the place of amusement. The excess tax under subdivision 3 is for the sums received above the established price of the tickets when the ticket is sold at the place of amusement. We found the tax to be an excise, not a direct, tax in the Alexander Case, and held that it withstood the same constitutional objections urged here. The subject-matter of the tax in the instant case relates to an incident of the right of ownership of property. The tax upon the act of selling a ticket at the box office at an amount in excess of the established price printed upon the face of the ticket is a transaction sufficient upon which to base the imposition of an excise tax. The tax does not burden the right of ownership in the possessor of the ticket or make it impossible to deal freely in the privilege represented by the ticket. Bromley v. McCaughn, 280 U. S. 124, 50 S. Ct. 46, 74 L. Ed. 226; Brushaber v. Union Pac. Ry., 240 U. S. 1, 36 S. Ct. 236, 60 L. Ed. 493, L. R. A. 1917D, 414, Ann. Cas. 1917B, 713.

The claim that it is violative of the Tenth Amendment of the Constitution was answered in the Alexander Case, where we held that the act imposing a tax on the selling of tickets away from the box office was not an unauthorized exercise by Congress of state powers. It is not any more a violation of the powers reserved to the state to impose a tax upon the excess price of tickets sold at the box office than to impose a tax on the excess price of tickets sold away from the box office. Lambert v. Yellowley, 272 U. S. 581, 47 S. Ct. 210, 71 L. Ed. 422, 49 A. L. R. 575. The argument that the tax imposed, because of its amount, is drastic and confiscatory was also considered in the Alexander Case, and we said: "To be able to find fault with the law is not to adjudge its invalidity. It may be unjust and oppressive, and yet be free from judicial interference. Mere errors of government are not subject to judicial review; it is only its palpable arbitrary exercise which can be declared void under the Fifth and Fourteenth Amendments."

An argument is made that the statute imposes a tax fixed upon the price at which the employers, managers, or employees sell tickets and that the return is to be made and the tax paid by the person selling the tickets, and that here the tickets were sold by the box office treasurer of the theater, which was under lease to the appellant. It is contended that it is not the appellant who must pay the tax, but the box office treasurer who must make return and pay the tax. The jury found that the amount paid in excess of the established price was the property of the appellant. The box office treasurer did testify that under an agreement made with appellant he received 25 per cent. and appellant received 75 per cent. However, the jury found on the evidence that the additional sum was paid with regularity, dependent upon the number of tickets sold, and that in return therefor the appellant performed services in facilitating the sale and delivery of the tickets. This justified the conclusion that the additional sums received were the property of appellant. The evidence presented a jury question. We find no error in the admission or exclusion of evidence, or in the charge to the jury.

The judgment is affirmed.