## REINECKE v. SMITH et al.

### No. 4692.

Circuit Court of Appeals, Seventh Circuit.
Oct. 7, 1932.

George E. Q. Johnson, U. S. Atty., and John Potts Barnes, Sp. Asst. U. S. Atty., both of Chicago, Ill., for appellant.

Albert L. Hopkins, Bruce Johnstone, Harry B. Sutter, and Anderson A. Owen, all of Chicago, Ill. (Hopkins, Sutter, Halls & De Wolfe and Burry, Johnstone, Peters & Dixon, all of Chicago, Ill., of counsel), for appellees.

Before ALSCHULER and SPARKS, Circuit Judges, and WILKERSON, District Judge.

WILKERSON, District Judge (after stating the facts as above).

In support of the judgment it is urged:

(1) Under a proper construction of section 219 (g) of the Revenue Act of 1924, the term "beneficiary" is broad enough to include a trustee.

(2) As to trusts created both before and after the passage of the act, the section contravenes the Fifth Amendment, unless the term "beneficiary" is construed to cover any interest adverse to that of the grantor.

(3) As to trusts created before the passage of the act, the section violates the Fifth Amendment when applied to impose a tax on the grantor by reason of property and its income disposed of by him prior to any imposition of such tax and when no similar tax existed.

As we are of the opinion that the third point must be ruled in favor of the taxpayer in this case, it is not necessary to consider the first two points. In 1922, when the trusts here in question were established, the grantor was not taxable on the income of trusts in which the power of revocation was reserved. The power to revoke the trusts in question could not be exercised by the grantor alone. The consent of the trustee was essential to revocation. The grantor had parted with all interest in and control over the income of the trusts. And, in fact, the income here in question was distributed among the beneficiaries in accordance with the terms of the trusts. To be sure, the trustee in October, 1922, assented to a modification of the trusts. We may not conjecture from that, however, that the trustee would have consented to a revocation of the trusts prior to that time, if it had been requested by the grantor to do so.

The power of Congress as to the taxation of the income of trusts which are under the unfettered control of the grantor or which may be created in the future is broad. Corliss v. Bowers, 281 U. S. 376, 50 S. Ct. 366, 74 L. Ed. 916; Milliken et al. v. United States, 283 U. S. 15, 51 S. Ct. 324, 75 L. Ed. 809; Taft v. Bowers, 278 U. S. 470, 49 S. Ct. 199, 73 L. Ed. 460, 64 A. L. R. 362; Purity Extract Co. v. Lynch, 226 U. S. 192, 33 S. Ct. 44, 57 L. Ed. 184; Jacob Ruppert v. Caffey, 251 U. S. 264, 40 S. Ct. 141, 64 L. Ed. 260; Lambert v. Yellowley, 272 U. S. 581, 47 S. Ct. 210, 71 L. Ed. 422, 49 A. L. R. 575. All measures reasonably necessary to prevent escape from taxes or surtaxes may be adopted.

When an attempt is made to apply those measures to past lawful transactions by which the grantor has parted with control over the trust fund and has made it impossible to regain such control by his own act, a different question arises. Under the broadest conception of legislative power, that which is not the income of the taxpayer and which it is impossible for him to make a part of his income may not be required arbitrarily to be included in his income. Such an attempt amounts to confiscation, and offends the Fifth Amendment. Nichols v. Coolidge, 274 U. S. 531, 542, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081; Heiner v. Donnan, 285 U. S. 312, 326, 327, 52 S. Ct. 358, 76 L. Ed. 772.

The judgment is affirmed.