## CIRCUIT COURT OF ARLINGTON COUNTY

Joel Irwin Last

v.

Virginia State Board
of Medicine

January 31, 1991

Case No. (Chancery) 90-880

By JUDGE PAUL F. SHERIDAN

This matter came before the court on plaintiff's Petition for Appeal and defendant's Motion to Dismiss.

Plaintiff, Joel I. Last, M.D., is a physician licensed to practice medicine in Pennsylvania and the District of Columbia, who appeals the decision of the defendant, Virginia State Board of Medicine, denying plaintiff's application for a license to practice medicine in the Commonwealth of Virginia. Plaintiff's appeal grounds include claims that (1) defendant ("the Board") wrongly interpreted and applied the 1988 amendment to Virginia Code Section 54.1-2930(4); and (2) that the Board's action in denying plaintiff a Virginia license violated substantive due process afforded by the Fifth Amendment of the United States Constitution and Section 11 of the Virginia Constitution; and (3) the Board's action violates plaintiff's equal protection rights under the Fourteenth Amendment of the United States Constitution.

Plaintiff states that the appealable issues of law are whether the agency's decision is in "accordance with constitutional right, power, privilege, or immunity" and in "compliance with statutory authority . . . ." Virginia Code § 9-6.14:17. This court has the authority to review a state agency decision under Virginia Code § 9-6.14:16 (Va. Administrative Procedure Act). The court's review

of an agency decision is limited to cases where the plaintiff can meet its burden in demonstrating an error of law, Virginia Code § 9-6.14:17, and *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231 (1988).

In 1988 the Virginia General Assembly added the following sentence to the requirements for admission to examination for licensure, § 54.1-2930(4):

> Supervised clinical training which is received in the United States as part of the curriculum of a foreign medical school *shall be obtained in an approved hospital, institution or school of medicine offering an approved residency program in the specialty area for the relevant clinical training.* (Emphasis added.)

The statutory amendment uses the word "shall" and not "may." Plaintiff argues that, on its face, and construed in context with the other sections of the medical licensure law, the word "shall" is unclear. Section 54.1-2930(4) speaks to both postgraduate medical training and to undergraduate medical school training of foreign medical school graduates. That differing use leaves quite clear the legislative intention that "shall" means what it normally means; i.e., that there is a *mandatory* training requirement.

Plaintiff also argues that the final sentence of Section 54.1-2930(4) creates an inconsistency in the meaning of the section as a whole if the sentence at issue is read as *mandatory.* This court does not agree. The final sentence merely gives the Board the discretion to consider "any other factors" that reflect whether a foreign medical school provides sufficient training to graduates to enable them to practice competently in the Commonwealth of Virginia without lessening the clear mandate "shall" in the preceding sentence.

Section 54.1-2935 sets forth "cure provisions" for applicants whose educational course of study is not approved, but reading § 54.1-2935 with the pertinent language of § 54.1-2930(4) does not create ambiguity from which plaintiff can achieve a remedy herein. Section 54.1-2935 was not at issue before the Board. But even if it was, the Board's decision was consistent with statutory authority

and does not rest upon an error as to the meaning of the Code.

With respect to constitutional challenges to the Board's actions, the sentence at issue applies only to foreign medical school graduates and does so because of a legitimate state interest in medical training. "Under traditional equal protection principles, distinctions need only to be drawn in such a manner as to bear some rational relationship to a legitimate state end." *Clements v. Fashing*, 457 U.S. 957, 962-63 (1982). Here, the legitimate state end served by § 54.1-2039(4) is to assure that all medical doctors to whom the Commonwealth of Virginia issues a license are adequately trained in approved hospital training programs.

Legislation which is challenged as denying equal protection will be sustained if the classification drawn by the legislature is rationally related to a legitimate state interest. When social or economic legislation is at issue, the Equal Protection Clause allows states wide latitude in creating classifications.

The Equal Protection Clause allows the States considerable leeway to enact legislation that may appear to affect similarly situated people differently. Legislatures are ordinarily assumed to have acted constitutionally. Under traditional equal protection principles, distinctions need only to be drawn in such a manner as to bear some rational relationship to a legitimate state end. Classifications are set aside only if they are based solely upon reasons totally unrelated to the pursuit of the State's goals and only if no grounds can be conceived to justify them.

*Clements v. Fashing*, 457 U.S. 957, 962-63 (1982). *See also, Cleburne v. Cleburne Living Center*, 473 U.S. 432 (1985).

Although § 54.1-2930(4) applies only to graduates of foreign medical schools, that distinction still serves a constitutionally valid state interest. It is well settled that states have a legitimate interest in regulating the practice of medicine. *See, e.g., Bigelow v. Virginia*, 421 U.S. 809, 827 (1975); *Lambert v. Yellowley*, 272 U.S.

581, 597 (1926); *Dent v. West Virginia*, 129 U.S. 114, 122-23 (1889). The legitimate interest served by Section 54.1-2930(4) is to assure that all physicians to whom the Commonwealth of Virginia issues a medical license have completed the basic building blocks of their medical training in hospital training programs approved for such training. Graduates of American medical schools do not get credit for clerkships taken in unapproved hospital programs. The statute at issue imposes a similar requirement on graduates of foreign medical schools.

"In applying the rational basis test, courts will not overturn a statutory classification on equal protection grounds unless (the statute) is so unrelated to the achievement of a legitimate purpose that it appears irrational." *Ballard v. Commonwealth*, 228 Va. 213, 217 (1984). Plaintiff herein has failed to demonstrate that there is a constitutional error. The statute is reasonably related to insuring that foreign medical school graduates are adequately trained to provide treatment and care to the citizens of Virginia.

Plaintiff also contends that substantive due process was violated by the Board in denying plaintiff the right to pursue his chosen profession in Virginia. Plaintiff's argument assumes erroneously that he has the right to pursue his profession in any state without regard to his medical school training. Plaintiff has not demonstrated any justifiable reliance on Virginia law in selecting his particular medical training.

Plaintiff testified before the Board that, in planning his core clerkships, he did not consult Virginia statutory requirements (Transcript, 18-19), nor did he then have any present intention to practice medicine in the Commonwealth of Virginia. Plaintiff did not begin to think about practicing in Virginia until he received his residency training at Georgetown. (Transcript, 30.) As a medical student, the Virginia statutory requirement had no role in the selection of clerkships which were "assigned to me by the school and I had no choice." (Transcript, 30.)

The Commonwealth's legitimate interest in regulating the medical profession by assuring the adequacy of the clinical training of graduates of foreign medical schools outweighs plaintiff's claim of a right to a Virginia medical license. The Board considered plaintiff's case individually and did not disqualify his application after a mere review

of the documents plaintiff submitted. Plaintiff was invited to testify at an informal conference where he was questioned as to his clerkships. Last testified that none of his core clerkships had been completed at hospitals with approved residency programs and that no residents from American medical schools were doing residences at the hospitals in which his clerkships were completed.

Plaintiff impliedly argues that any state in which he may subsequently desire to be licensed should have notified him, at the time he was completing his medical school training, of any prospective changes in its medical licensing statutory scheme, or risk violating his substantive and procedural due process rights. But that argument assumes erroneously that he has a right to be licensed in any state, at any time, regardless of his medical school training. These arguments misapply *Etheridge v. Medical Center Hospitals*, 237 Va. 87, 376 S.E.2d 525 (1989), and the due process clauses of the state and federal constitutions.

The language of § 54.1-2930(4) is reasonably related to insuring that the basic building blocks of medical education are in place for graduates of foreign medical schools. As such, the statute is not arbitrary or discriminatory and is rationally related to a legitimate legislative goal.

In advancing his due process claim, plaintiff has ignored an element necessary for the alleged injury to have a constitutional dimension: that some sort of legitimate property interest, as defined, recognized and delineated by state law, be affected by the questioned governmental action. *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Suarez v. Junta Dental Examinadora*, 580 F. Supp. 334, 336 (D. P.R. 1984). Plaintiff cannot demonstrate that he had any sort of justifiable reliance on being permitted to practice medicine in Virginia. Absent an allegation or some indication in the record that plaintiff had been somehow misled by the Board into believing that he would be licensed upon application, his procedural due process claim fails. *See, Suarez*, 580 F. Supp. at 337.

Plaintiff also argues that the Board applied the amendment to § 54.1-2930(4) retroactively, thereby denying him a vested right. However, this Court finds the Board's application of § 54.1-2930(4) to plaintiff as prospective.

Plaintiff did not complete his application for licensure until March 8, 1990, over one year after the amendment had been law. The legislature could reasonably have selected a different effective date for application of this statutory language but clearly did not. Plaintiff is barred by the date chosen by the legislature and by the Board's legally correct interpretation of that date.

Plaintiff has failed to demonstrate any error of law subject to review on appeal. The Board's action was consistent with statutory and constitutional authority. Therefore, defendant's Motion to Dismiss is granted, and plaintiff's Petition for Appeal is denied.