### SOLOMON et al. v. L. ROSENFELD & CO.

(Supreme Court, Appellate Term. February 5, 1909.)

EXECUTION (§ 377*)—SUPPLEMENTARY PROCEEDINGS—STATUTES—RESIDENCE OF DEBTOR.

> Code Civ. Proc. § 2458, provides that a judgment on which supplementary proceedings may be based must have been rendered on the debtor's appearance or on personal service for a sum not less than $25, and execution must have been issued out of a court of record, either to the sheriff of the county where the judgment debtor has, at the time of the commencement of the special proceedings, a place for the regular transaction of business in person, etc. *Held*, that an affidavit under such provision, made October 26, 1908, alleging that execution was issued on October 14, 1905, to the sheriff of New York county, where the judgment debtor at the time had its office and place for the transaction of its business, it being a domestic corporation, and that it never had any place of business outside of New York, and had none "now," was insufficient, for failure to show that the debtor had a place for the regular transaction of business in New York county at the commencement of the proceedings.
>
> [Ed. Note.—For other cases, see Execution, Dec. Dig. § 377.*]

Appeal from City Court of New York, Trial Term.

Supplementary proceedings of Moe Solomon and others, judgment creditors, against L. Rosenfeld & Co. From an order denying the judgment debtors' motion to vacate an order for their examination, they appeal. Reversed. Motion granted.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

David J. Gladstone, for appellants.

Charles L. Hoffman (Henry A. Friedman, of counsel), for respondent.

SEABURY, J. This is an appeal from an order denying a motion to vacate an order in supplementary proceedings for the examination of the judgment debtor, purporting to have been made under subdivision 1 of section 2458 of the Code of Civil Procedure. The affidavit, upon which the order was granted, sets forth the recovery of a judgment against the defendant, and that execution was issued on the 14th day of October, 1905, to the sheriff of New York county, "where said

judgment debtor at the time had its office and place for the transaction of its business, it being a domestic corporation," and avers "that said corporation never had any place of business outside of New York county, and has none now."

These allegations are insufficient to confer jurisdiction upon the court to make the order for examination. Under section 2458 of the Code of Civil Procedure it must appear that the execution was issued "to the sheriff of the county where the judgment debtor has, at the time of the commencement of the special proceeding, a place for the regular transaction of business in person." The affidavit does not comply with this provision of the statute. The allegation that on the 14th day of October, 1905, the judgment debtor had a place for the transaction of business in New York county, does not show that at the time of the commencement of this proceeding, to wit, October 26, 1908, the judgment debtor had a place for the regular transaction of business in New York county.

The order appealed from is reversed, with $10 costs, and the motion to vacate the order of examination granted, with $10 costs. All concur.