<hr/>

(93 Misc. Rep. 519)

BRADLEY v. CERTIGUE MINING & DREDGING CO.

(Supreme Court, Appellate Term, First Department. February 15, 1916.)

EXECUTION ⊜377—AFFIDAVIT FOR EXAMINATION—"OFFICE"—"IN PERSON."
  Under Code Civ. Proc. § 2458, requiring proof in supplementary proceedings that the execution issued to the sheriff of the county where the judgment debtor had, at the time of the proceedings, "a place for the regular transaction of business in person," an affidavit for an order of examination alleging that execution issued to the sheriff of the county where the judgment debtor, a corporation, at the time of the commencement of the proceedings, "maintained an office for the transaction of business," is sufficient to support the conclusion of the judge granting the order that the corporation at the time specified maintained "a place for the regular transaction of business in person," for "office" implies a place

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for the regular transaction of business, and a corporation acts "in person," within the meaning of the statute, when it maintains an office and transacts its business through an officer or employé.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1109–1113, 1132–1135; Dec. Dig. &#9756;377.

For other definitions, see Words and Phrases, First and Second Series, In Person; Office.]

Appeal from City Court of New York, Special Term.

Proceedings supplementary to execution by Richard J. H. Bradley, judgment creditor, against the Certigue Mining & Dredging Company, judgment debtor. From an order denying a judgment creditor's motion for a vacation of orders for examination, he appeals. Affirmed.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Rollins & Rollins, of New York City (Elmer E. Wigg, of New York City, of counsel), for appellant.

Theodore F. Von Dorn, of New York City, for respondent.

LEHMAN, J. The judgment debtor has moved to vacate an order for examination and an order modifying the original order upon the ground that the original affidavit is jurisdictionally defective. The affidavit contains a statement that execution was issued to the "sheriff of the county of New York, where said judgment debtor then maintained an office, and at the time of the commencement of this special proceeding still maintained an office for the transaction of business." It is claimed that this allegation does not comply with the statute (section 2458 of the Code of Civil Procedure), which requires proof that the execution has been issued to the sheriff of the county where the judgment debtor has, at the time of the special proceedings, "a place for the *regular* transaction of business in person."

It is not claimed that as a matter of fact the defendant did not maintain a place for the regular transaction of business in the city of New York, and the appeal rests solely on the technical ground that by failure to allege these facts in the original affidavit the justice never acquired jurisdiction to make the order. Undoubtedly the affidavit might well have stated these jurisdictional facts with more certainty, and if the justice had determined that the facts actually alleged were insufficient to establish the jurisdictional facts to his satisfaction, it would be, to say the least, doubtful whether we would interfere with his determination. The question before us, however, is only whether the original affidavit contains any evidence at all of the ultimate fact upon which the justice was called upon to pass. I think that the affidavit is sufficient for this purpose. Although it fails to state that the office constituted a place for the *regular* transaction of the corporation's business, I think that the statement that the corporation maintains an *office* for the transaction of business is sufficient for this purpose. An "office" denotes, not only a place where business is casually transacted, but is a place *intended* for the transaction of business, and therefore the term legitimately implies a place for its regular, as distinguished from its casual, transaction. If the judgment debtor

were a natural person, it might be necessary to add other allegations showing that the business was transacted there by the defendant "in person." A corporation, however, acts "in person," within the meaning of the statute, when it acts through an officer or employé, and therefore, where it maintains an office for the transaction of business, it is a fair inference that it transacts its business there in person.

The judgment debtor urges that these views are contrary to the decision of this court in the case of Solomon v. L. Rosenfeld & Co., 114 N. Y. Supp. 770. The court in that case decided only that:

"The allegation that on the *14th day of October, 1905*, the judgment debtor had a place for the transaction of business in New York county, does not show that *at the time of the commencement of this proceeding, to wit, October 26, 1908*, the judgment debtor had a place for the regular transaction of business in New York county." (Italics are mine.)

It neither decided nor intimated that, except for the difference in the time, the affidavit was insufficient.

Order should be affirmed, with $10 costs and disbursements. All concur.