**ALEXANDER THEATRE TICKET OFFICE, Inc., et al. v. UNITED STATES.**

Circuit Court of Appeals, Second Circuit. December 12, 1927.

No. 163.

1. **Internal revenue** ⊂=1—"Excises" are taxes on manufacture, sale, or consumption of commodities within country, or on licenses to pursue certain occupations and corporate privileges.

"Excises" are defined as taxes laid on manufacture, sale, or consumption of commodities within the country, or upon licenses to pursue certain occupations and corporate privileges.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Excise.]

2. **Internal revenue** ⊂=1—Power conferred on Congress to lay excise taxes is exhaustive, and embraces all attributes appertaining to sovereignty in fullest sense (Const. art. 1, § 8, cl. 1).

Powers to lay excise taxes conferred on Congress by Const. art. 1, § 8, cl. 1, is exhaustive, and embraces all attributes which appertain to sovereignty in fullest sense.

3. **Internal revenue** ⊂=1—In laying excise taxes, some property may be taxed and other property omitted (Const. art. 1, § 8, cl. 1).

In laying excise taxes, under Const. art. 1, § 8, cl. 1, Congress may tax one class of property and forbear to tax another.

4. **Internal revenue** ⊂=2(3)—Act of selling amusement ticket away from box office is transaction distinct enough on which to levy excise tax, as was done by law (Const. art. 1, § 8, cl. 1; Revenue Act 1926, § 500 [a], subd. 2 [26 USCA § 871]).

Act of selling ticket to place of amusement at place other than the box office is transaction distinct enough on which to levy an excise tax, under Const. art. 1, § 8, cl. 1, may levy an excise tax, as was done under Revenue Act 1926, § 500 (a), subd. 2 (26 USCA § 871).

5. **Internal revenue** ⊂=6—Tax on act of selling tickets to amusement places away from box office is "excise tax," not "direct tax" (Revenue Act 1926, § 500 [a], subd. 2 [26 USCA § 871]).

Tax imposed on act of selling tickets to places of amusement at places other than the box office by Revenue Act 1926, § 500 (a), subd. 2 (26 USCA § 871), which provides for monthly return under section 602 (26 USCA § 885), is an "excise tax," and may not be classed as direct tax.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Direct Tax.]

6. **Constitutional law** ⊂=68(4)—Act of Congress, in regulating amount of tax on act of selling tickets away from box office, and its graduation, is not subject to judicial review (Revenue Act 1926, § 500 [a], subd. 2 [26 USCA § 871]).

Act of Congress in regulating amount of tax under Revenue Act 1926, § 500 (a), subd. 2 (26 USCA § 871), on act of selling tickets to places of amusement away from box office, and its graduation on considerations of public policy, was not subject to judicial review or inquiry, since these are matters in respect to which legislative determination is final.

7. **Constitutional law** ⊂=68(4)—Economic consequences and public policy involved in tax on selling tickets away from box office were within political domain of Congress (Revenue Act 1926, § 500 [a], subd. 2 [26 USCA § 871]).

Economic consequences and matters of public policy involved in tax on act of selling tickets to places of amusement away from box office, under Revenue Act 1926, § 500 (a), subd. 2 (26 USCA § 871), were within political domain of legislative branch.

8. **Internal revenue** ⊂=2(3)—That tax on act of selling tickets away from box office may reduce profits in some instances is not fatal to tax (Revenue Act 1926, § 500 [a], subd. 2 [26 USCA § 871]).

That Revenue Act 1926, § 500 (a), subd. 2 (26 USCA § 871), imposing tax on act of selling tickets to amusement places at places other than the box office, may reduce or control profits in some instances, is not fatal to tax.

9. **Constitutional law** ⊂=70(1), 253—Mere errors of government in statute are not subject to judicial review, but only its palpably arbitrary exercise, which can be declared void (Const. Amends. 5, 14).

A statute may be unjust and oppressive, and yet be free from judicial interference, since mere errors of government are not subject to judicial review; it being only its palpable arbitrary exercise which can be declared void, under Const. Amends. 5, 14.

10. **Internal revenue** ⊂=2(3)—Act taxing act of selling tickets away from box office held not confiscatory, since it does not affect ticket brokerage business as whole (Revenue Act 1926, § 500 [a], subd. 2 [26 USCA § 871]).

Revenue Act 1926, § 500 (a), subd. 2 (26 USCA § 871), imposing tax on act of selling tickets to amusement places away from box office, is not confiscatory, for it does not affect ticket brokerage business as a whole.

11. **Internal revenue** ⊂=2(3)—Act taxing act of selling tickets away from box office is not unauthorized exercise of police power (Const. Amend. 10; Revenue Act 1926, § 500 [a], subd. 2 [26 USCA § 871]).

Revenue Act 1926, § 500 (a), subd. 2 (26 USCA § 871), imposing tax on act of selling tickets to amusement places away from box office, held not an unauthorized exercise by Congress of police power, in violation of Const. Amend. 10, providing that powers not delegated to United States are reserved to states or to people.

12. **Internal revenue** ⊂=2(3)—Provision of act imposing graduated tax on act of selling tickets away from box office does not invalidate it (Revenue Act 1926, § 500 [a], subd. 2 [26 USCA § 871]).

Provision of Revenue Act 1926, § 500 (a), subd. 2 (26 USCA § 871), imposing graduated or progressive tax on act of selling tickets to amusement places away from box office, does not invalidate the statute.

**13. Internal revenue ☞2(3)—That tax on act of selling tickets away from box offices may prevent excessive prices for tickets does not invalidate statute (Revenue Act 1926, § 500 [a], subd. 2 [26 USCA § 871]).**

That tax imposed under Revenue Act 1926, § 500 (a), subd. 2 (26 USCA § 871), on act of selling tickets to amusement places away from box office, may operate in preventing excessive prices for tickets, does not of itself invalidate statute.

**14. Internal revenue ☞1—Graduated excise tax is permissible, if it affects profiteering methods.**

A graduated excise tax is permissible, if it affects profiteering methods.

**15. Internal revenue ☞2(3)—Statute imposing tax on act of selling tickets away from box office provides sufficient standards for determining whether there has been violation of law; "established price" (Revenue Act 1926, § 500 [a], subd. 2, § 500 [d], and § 1114 [26 USCA §§ 871, 1265-1268, 1268a, 1269]).**

Revenue Act 1926, § 500 (a), subd. 2 (26 USCA § 871), imposing excise tax on act of selling tickets to amusement places away from box office, *held* not unconstitutional because of basis for criminal prosecution contained in section 1114 (26 USCA §§ 1265-1268, 1268a, 1269), in failing to provide sufficient standards for determining whether or not there has been violation of law, since subdivision 2 refers to "established price" of tickets, which is box office price, and section 500 (d) requires price to be printed on tickets, and statute was neither indefinite nor vague.

**16. Internal revenue ☞47(6)—In prosecution for failing to pay tax on act of selling tickets away from box office, question of established price of tickets is question of law for court (Revenue Act 1926, § 500 [a], subd. 2, and § 1114 [26 USCA §§ 871, 1265-1268, 1268a, 1269]).**

In prosecution under Revenue Act 1926, § 1114 (26 USCA §§ 1265-1268, 1268a, 1269), for failing to pay tax imposed on act of selling tickets to places of amusements away from box office, under section 500 (a), subd. 2 (26 USCA § 871), question of established price of tickets sold is question of law for court.

In Error to the District Court of the United States for the Southern District of New York.

The Alexander Theatre Ticket Office, Inc., and others, were convicted under Revenue Act 1926, § 1114, for failing to pay tax under section 500(a), subd. 2, and for willfully attempting to evade and defeat such tax, and they bring error. Affirmed.

Louis Marshall, Charles H. Griffiths, Nathan D. Perlman and Francis L. Kohlman, all of New York City, for plaintiffs in error.

Charles H. Tuttle, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. The defendants below were indicted in 14 counts for making a false and incorrect tax return for 14 consecutive months, commencing March, 1926, in violation of section 500 of the Revenue Act (26 USCA § 871). In each return it is charged that they willfully and untruthfully reported that for the specific month they had not made sales at a price exceeding 50 per cent. in excess of the sum of the established price at such ticket offices, plus the amount of any tax imposed under paragraph 1, subd. (a), of section 500 of the Revenue Act, and it is charged that they in fact sold tickets at a much greater advance and that they willfully failed to pay and attempted to evade and defeat the tax under paragraph 2, subd. (a), of section 500. Section 500 (a), subd. (2) provides:

"(2) Upon tickets or cards of admission to theatres, operas, and other places of amusement, sold at news stands, hotels, and places other than the ticket offices of such theatres, operas, or other places of amusement, at not to exceed 50 cents in excess of the sum of the established price therefor at such ticket offices plus the amount of any tax imposed under paragraph (1), a tax equivalent to 5 per centum of the amount of such excess; and if sold for more than 50 cents in excess of the sum of such established price plus the amount of any tax imposed under paragraph (1), a tax equivalent to 50 per centum of the whole amount of such excess, such taxes to be returned and paid, in the manner and subject to the interest provided in section 602, by the person selling such tickets."

And paragraph (d) of the same section provides:

"(d) The price (exclusive of the tax to be paid by the person paying for admission) at which every admission ticket or card is sold shall be conspicuously and indelibly printed, stamped, or written on the face or back of that part of the ticket which is to be taken up by the management of the theatre, opera, or other place of amusement, together with the name of the vendor if sold other than at the ticket office of the theatre, opera, or other place of amusement. Whoever sells an admission ticket or card on which the name of the vendor and price is not so printed, stamped, or written, or at a price in excess of the price so printed, stamped, or written thereon, is guilty of a misdemeanor, and upon conviction thereof shall be fined not more than $100."

Section 602 of title 6 of the Revenue Act (26 USCA § 885) required the defendants below to make a monthly return under oath in duplicate and pay the taxes imposed by this section to the collector of the district in which their principal place of business was located. They were obliged to pay the tax without assessment by the Commissioner or notice from the collector that it was due and payable and if the tax was not paid when due, a penalty of tax interest at the rate of 1 per centum a month from the time when the tax became due, was imposed. There was sufficient in the proof to require submission to the jury of the question of whether or not the defendants below had, by fraudulent means and subterfuge, evaded and defeated the tax and prevented the government from ascertaining the truth as to this obligation.

On this review, the principal question presented is whether or not the statute is unconstitutional in imposing this tax. The argument is (a) that it is a direct tax, which has not been apportioned between the states in the manner provided by article 1, § 8, cl. 1, article 1, § 2, cl. 3, and article 1, § 9, cl. 4 of the Constitution of the United States; (b) because by its enactment Congress has exercised a police power which has not been conferred upon it in violation of article 10 of the Amendments of the Constitution of the United States; (c) it was a violation of the Fifth Amendment of the Constitution, in depriving the defendants below of their property without due process of law; and (d) that section 500 violated the Fifth and Sixth Amendments of the Constitution, because it proceeds on the theory of making noncompliance therewith a basis of criminal prosecution under section 1114 of the act, (26 USCA §§ 1265–1268, 1268a, 1269), and fails to provide sufficient standards of determining whether or not there has been a violation of the law.

Subdivision 2, § 500, imposes an excise tax, and not a direct tax. The tax is not upon the ticket, which is evidence of the right of admission to the theater. The privilege and selling at places other than the ticket office of the theater, the evidence which gives the privilege of admission or accommodation at the theater, is what is taxed. It is not a direct tax against persons or objects of intrinsic value, but upon the business of dealing in these tickets, which grant admission to places of amusement, when sold at places other than the place where they are originally issued. It does not cover the incident of ownership of the ticket as such.

[1, 2] Excises are defined as taxes laid upon the manufacture, sale, or consumption of commodities within the country, or upon licenses to pursue certain occupations and corporate privileges. Flint v. Stone Tracy Co., 220 U. S. 107, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312. The power to lay excise taxes conferred upon Congress by the Constitution (article 1, § 8, cl. 1) is exhaustive, and embraces all the attributes which appertain to sovereignty in the fullest sense. Brushaber v. Union Pacific R. R. Co., 240 U. S. 1, 36 S. Ct. 236, 60 L. Ed. 493; United States v. Bennett, 232 U. S. 299, 34 S. Ct. 433, 58 L. Ed. 612. The nature of the tax is to be determined from the standpoint of the Constitution. It is an inland imposition, sometimes upon the consumption of the commodity, and sometimes upon the retail sale; sometimes upon the manufacturer and sometimes upon the vendor. Pacific Ins. Co. v. Soule, 7 Wall. 433, 19 L. Ed. 95. And all excises upon any use of property affect some inherent incidents of the right of property. Excise taxes are levied upon the owner in the exercise of some interest had in property, which might well be termed a right of property. Anderson v. McNeir (C. C. A.) 16 F.(2d) 970.

[3, 4] The most ample authority (recognized in levying excise taxes) has been recognized from the beginning to select some and omit another; to tax one class of property and forbear to tax another. Flint v. Stone Tracy Co., 220 U. S. 107, 31 S. Ct. 342, 55 L. Ed. 389, Ann. Cas. 1912B, 1312. The right to sell a ticket of admission at places other than the ticket office of the theater does not exhaust the entire right of property, either in the ticket or in the privilege which the ticket represents. The tax seems to be upon the act of selling the ticket away from the box office, which is a transaction distinct enough upon which to levy an excise tax. Nicol v. Ames, 173 U. S. 509, 19 S. Ct. 522, 43 L. Ed. 786. The Nicol Case limited the tax to sales had in an Exchange or Board of Trade, or any other similar place, and its fair meaning was said to impose a duty upon those privileges or facilities which are there found and made use of in the sale at such place of any product of merchandise. There the court said:

"A tax upon the privilege of selling property at the exchange and of thus using the facilities there offered in accomplishing the sale differs radically from a tax upon every sale made in any place. The latter tax is really and practically upon property. It takes no notice of any kind of privilege or facility, and the fact of a sale is alone re-

garded. Although not created by government, this privilege or facility in effecting a sale at an exchange is so distinct and definite in its character, and constitutes so clear and plain a difference from a sale elsewhere, as to create a reasonable and substantial ground for classification and for taxation when similar sales at other places are untaxed."

[5] The courts have upheld excise taxes imposed on carriages for conveyance of persons who are keeping them for their own use or to be let out for hire or conveying passengers. Hylton v. United States, 3 Dall. 171, 1 L. Ed. 556. A tax upon manufactured tobacco intended for sale was held to be an excise tax in Patton v. Brady, 184 U. S. 608, 22 S. Ct. 493, 46 L. Ed. 713; a stamp tax on memorandum or contract of sale, in Thomas v. United States, 192 U. S. 363, 24 S. Ct. 305, 48 L. Ed. 481; a tax on oleomargarine, not artificially colored, and a higher tax on artificially colored oleomargarine, in McCray v. United States, 195 U. S. 27, 24 S. Ct. 769, 49 L. Ed. 78, 1 Ann. Cas. 561; a tax upon the use of foreign built yachts not used or intended for use for trade in Billings v. United States, 232 U. S. 261, 34 S. Ct. 421, 58 L. Ed. 596. Because Congress had no power to tax exports, but had the express power to impose excise taxes, in Fairbank v. United States, 181 U. S. 283, 21 S. Ct. 648, 45 L. Ed. 862, it was held that Congress could not impose a tax upon exports; that is, a stamp tax upon a foreign bill of exchange is equivalent in substance to a tax upon a thing exported. Congress named this to be an excise tax, for it made the matter of making monthly return under subdivision 2 of section 500 (a) governed by section 602, which is a provision of the Revenue Law under the title of excise taxes. It may not be classed as a direct tax. As an excise tax it was within the power of Congress to impose the tax.

[6-8] Within that power and within the discretion of the judgment of Congress, it could and did regulate the amount of the tax and its graduation upon considerations of public policy. Such action is not subject to judicial review or inquiry. These are matters in respect to which the legislative determination is final. Patton v. Brady, 184 U. S. 608, 22 S. Ct. 493, 46 L. Ed. 713. The economic consequences and matters of public policy always involved in a tax were within the political domain of the legislative branch of the government. Lambert v. Yellowley, 272 U. S. 581, 47 S. Ct. 210, 71 L. Ed. 422, 49 A. L. R. 575. By the terms of this taxing statute, the tax is not prohibitive or confisca-

tory. It may reduce or control profits in some instances, but that is not fatal to the tax. It nowhere appears that the business of reselling tickets at the place referred to in the statute makes it unprofitable or prohibitive. The act does not compel a ticket broker to buy tickets above the ticket office or established price, and does not prevent reselling tickets at any price he may obtain.

[9-11] To be able to find fault with the law is not to adjudge its invalidity. It may be unjust and oppressive, and yet be free from judicial interference. Mere errors of government are not subject to judicial review; it is only its palpable arbitrary exercise which can be declared void under the Fifth and Fourteenth Amendments. Metropolis Theatre Co. v. Chicago, 228 U. S. 61, 33 S. Ct. 441, 57 L. Ed. 730; Quong Wing v. Kirkendall, 223 U. S. 59, 32 S. Ct. 192, 56 L. Ed. 350. The act is not confiscatory, for it does not affect the ticket brokerage business as a whole. It is not an unauthorized exercise by Congress of police power. It differs from the tax involved in the Child Labor Tax Case, 259 U. S. 20, 42 S. Ct. 449, 66 L. Ed. 817, where the Supreme Court held that Congress had no constitutional power to enact a code of supervision and regulatory authority for the control of an industry involving a tax which was imposed for violations of the provisions of the code.

[12, 13] In the Future Trading Act (Comp. St. 1923, p. 2822) which had for its purpose and was in essence a regulation of the business of the grain Board of Trades, the tax was in fact a penalty on the sale of grain for future delivery to coerce the boards and other members into compliance with its regulations, and it was held that Congress, in the exercise of its taxing power, had exceeded its authority. Hill v. Wallace, 259 U. S. 44, 42 S. Ct. 453, 66 L. Ed. 822. At bar, the tax is imposed as an excise tax upon a ticket agency business according to the amount of the excess in price received at the enumerated places. Its provision as to imposing a graduated or progressive tax does not invalidate it. McCray v. United States, 195 U. S. 27, 24 S. Ct. 769, 49 L. Ed. 78, 1 Ann. Cas. 561; Knowlton v. Moore, 178 U. S. 41, 20 S. Ct. 747, 44 L. Ed. 969; Towne v. McElligott (D. C.) 274 F. 960. Although the tax may operate in preventing excessive prices for tickets, that of itself does not invalidate it. In re Kollock, 165 U. S. 526, 17 S. Ct. 444, 41 L. Ed. 813.

"The only limitation upon the power of Congress to levy excise taxes of the character now under consideration is geographical uniformity throughout the United States. This

court has often declared it cannot add others. * * * If the legislation enacted has some reasonable relation to the exercise of the taxing authority conferred by the Constitution, it cannot be invalidated because of the supposed motives which induced it." United States v. Doremus, 249 U. S. 86, 39 S. Ct. 214, 63 L. Ed. 493.

The act differs from that considered in Tyson & Bro. et al. v. Banton, 273 U. S. 418, 47 S. Ct. 426, 71 L. Ed. 718, which involved a New York state statute which prohibited the sale of theater tickets at a greater advance than the 50 cents over the price stamped on the ticket at the office. The Supreme Court held that the state could not put this absolute limitation upon the inherent right of property. There is no such limitation involved here. The owner is free to fix the price at which he will sell the tickets, and the purchaser is free to fix the price at which he will buy.

It is not clear that the tax in operation must limit the premium on tickets to 50 cents, and so at once cut off the revenue of the United States and demonstrate that Congress could only have meant to invade the police powers of the states. While it is true that the ticket speculator has no motive to sell for a premium of between 50 cents and $1, beyond $1 he begins to profit more than if he sold for 50 cents. Some tickets sell at a premium of far more than $1; in some cases at many times as much. We cannot say that the sales of tickets, if forced to a premium of more than $1, would so far fall off as to leave the gross revenue of the United States smaller than if speculators could sell for less.

[14] A graduated tax is not new in considerations of public policy, and if it affects profiteering methods, it is permissible. Weller v. People, 268 U. S. 319, 45 S. Ct. 556, 69 L. Ed. 978.

[15, 16] Nor is the statute unconstitutional because of the basis for criminal prosecution contained in section 1114 of the act, in failing to provide sufficient standards for determining whether or not there has been a violation of the law. Section 500 (a), subd. 2, refers to an established price thereof at such ticket offices or places of amusement. It is proved to be the practice and custom to print on the ticket and display at the bulletin board of the theater the box office price. Section 500, subd. (d), requires the price to be so printed. In Iselin v. United States, 270 U. S. 245, 46 S. Ct. 248, 70 L. Ed. 566, the Supreme Court had before it this statute, and considered the phrase "estab-lished price" as unambiguous, although it held that the absence of such an established price for accommodations not on sale at the ticket office would not be supplied by a reference to other accommodations which were so on sale. The established price is the box office price. This, under the terms of the statute, was a question of law for the court, and, indeed, it is apparent that the defendants below clearly understood the meaning of the term. Under the proof, the statute is neither indefinite nor vague. Omaechevarria v. Idaho, 246 U. S. 343, 38 S. Ct. 323, 62 L. Ed. 763; Nash v. United States, 229 U. S. 373, 33 S. Ct. 780, 57 L. Ed. 1232; Waters-Pierce Oil Co. v. State of Texas, 212 U. S. 86, 29 S. Ct. 220, 53 L. Ed. 417.

Other errors assigned are not argued, but we have examined them, and find no reason for a reversal of the judgments of conviction.

Judgments of conviction affirmed.