**COLUMBIA UNIVERSITY CLUB v. HIGGINS, Collector of Internal Revenue.**

District Court, S. D. New York.
May 20, 1938.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (Marvin Lyons and Allen A. Dobey, both of New York City, of counsel), for plaintiff.

Lamar Hardy, U. S. Atty., of New York City (Charles J. Nager, Asst. U. S. Atty., of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

This is a motion to dismiss the complaint as not stating a cause of action.

The suit involves a claim for refund of federal taxes assessed against and collected from the plaintiff, Columbia University Club. The following statutes are pertinent to the issue: Section 500(a) (2) of the Revenue Act of 1926, 44 Stat. 91, as amended by Section 412(a) (2) of the Revenue Act of 1928, 45 Stat. 864, as amended by Section 711(b) (2) of the' Revenue Act of 1932, 47 Stat. 271, 26 U.S.C.A. § 940(c). The latter section is now in effect, although all of the aforementioned sections are substantially the same, except for the tax rate.

The section, as finally amended, provides that there shall be levied, assessed, collected and paid "Upon tickets * * * to theaters, * * * sold at news stands, hotels, and places other than the ticket offices of such theaters, * * * at a price in excess of the sum of the established price therefor at' such ticket offices plus the amount of any tax imposed under paragraph (1), a tax equivalent to 10 per centum of the amount of such excess; such tax to be returned and paid, in the manner and subject to the interest provided in section 502, [Revenue Act of 1926] by the person selling such tickets."

The plaintiff advances a two-fold argument in support of the sufficiency of the complaint. It says that the statute deals only with the sale of theatre tickets, and is inapplicable to the plaintiff, because it sold no tickets as contemplated by the above quoted section, but merely acted as agent in purchasing theatre tickets from ticket brokers for which it was reimbursed by a small service charge, in addition to the regular monthly charges which it made to its members.

Examining the background of this plaintiff, I find that it is a social club, organized under the Membership Corporations Law of the State of New York, Consol.Laws, c. 35, and is estopped under the provisions of this law from engaging in any activity or business for pecuniary profit. It operates for the benefit and convenience of its members only. In addition, it maintains a theatre ticket service exclusively for its members. Whether or not the plaintiff is the agent of its members in procuring these theatre tickets is a matter of intention between the parties, as manifested by their acts

and from all the surrounding circumstances. While innumerable definitions and interpretations of the term "agency" may be found in the law reports and law digests, I think that the statement found in the case of S. B. McMaster, Inc., v. Chevrolet Motor Co., D.C., 3 F.2d 469, 474, is sufficiently clear to merit quotation. It is there stated in part: "Without undertaking to review in detail all the various definitions that have been made of the term, I think it may be safely asserted that they all recognize two distinctly essential elements. The first is that the agent is a representative and acts, not for himself, but for another. The second is that his acts within the scope of his authority must be binding upon his principal."

█ The term (agency) has also been recently the subject of clarification as found in the Restatement of the Law of Agency, American Law Institute, Volume 1, Section 1, where it says: "Agency is the relationship which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other to so act".

The attention of the court must now be concentrated upon determining whether the process employed by both club and member in procuring these theatre tickets resulted in the creation of a relationship above described as an "agency".

██ After carefully considering the arguments advanced by both sides, I am of the opinion that the relationship of agent and principal existed between club and member, within the generally accepted meaning of the term. Not only did the member control the purchase of these tickets, with respect to time, location and price, but had the final say whether it would accept those which the club was able to obtain. The fact that the plaintiff had no discretion in the procurement of these tickets, that they were ordered in the name of the purchasing member, that the ticket broker was apprised by the club for whom they were being bought, that the plaintiff had no tickets on hand except such as were specifically ordered, are additional elements which strengthen the court in the belief that there was no sale between club and member, but rather a purchase by the club on behalf of the member. Although the ticket broker billed the club monthly for tickets purchased for its member, it does not, in the opinion of the court, change the aspect of the relationship between the club and member. Neither does the ultimate liability of either the club or member to the ticket broker, in the event of non-payment, constitute the criterion by which the court should be guided. Was there a consent by the club to act for another? Was there a measure of control vested in the person for whom the club has consented to act? Was the act within the scope of the authority? All facts and surrounding circumstances at bar impel the court to answer these questions in the affirmative.

█ This conclusion (that the relationship of agency and principal existed between the club and member) obviates the necessity of considering the other argument advanced by the plaintiff in support of the complaint. However, I think that the point raised is of sufficient importance to deserve discussion. The argument succinctly stated is, that irrespective of any agency, the plaintiff is not subject to the tax imposed by Section 500(a)(2) because it is not within the class of persons against whom that section was intended to be applied. Considering the purpose for which the statute (Section 500(a)(2), as amended), was enacted, I think that it would do violence to the intent of Congress to read into the statute a construction which would place the plaintiff and other clubs similarly situated in the same category with "ticket brokers" and "scalpers", who are engaged in the business of selling and reselling tickets for profit. In Alexander Theatre Ticket Office v. United States, 23 F.2d 44, the Circuit Court of Appeals in this Circuit recognized that this statute was intended to be a tax upon the business of selling or dealing in tickets at places other than the box office. Surely, it is difficult to imagine that it was intended to apply to a club such as the plaintiff which exacts a small service charge from its members to defray the cost of maintaining this service. The service, I gather, has operated at a loss in spite of the service charge and the additional discount which the plaintiff receives from the ticket broker. More so, I fail to see the distinction which the Commissioner of Internal Revenue has drawn in favor of the Union League Club, which has not been taxed, solely because its service charge is fifty cents per order, irrespective of the number of tickets ordered, whereas the plaintiff's service

charge is twenty-five cents per ticket ordered. Since both clubs are similar in the functions they perform, this slight distinction is insufficient to prefer one club over the other with regard to the imposition of taxes.

It is also to be borne in mind that the plaintiff and other clubs of similar nature have carried on theatre ticket services for more than 30 years. That from 1918 to 1935, Section 500(a) (2) was enforced only against ticket brokers and no attempt was made to subject plaintiff and others in the same class to admissions taxes. In conclusion, it appears to me that the intention of Congress is clearly shown, in excluding social clubs organized under the Membership Corporations Law, for, if it had intended to the contrary, it could have so provided. In any event, there is a doubt in my mind as to the applicability of the statute to the plaintiff, and such doubt should therefore be resolved in favor of the taxpayer. ·McFeely v. Commissioner, 296 U.S. 102, 56 S.Ct. 54, 80 L.Ed. 83, 101 A.L.R. 304; Gould v. Gould, 245 U.S. 151, 38 S.Ct. 53, 62 L.Ed. 211; Reinecke v. Northern·Trust Co., 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410, 66 A.L.R. 397; Hassett v. Welch, 58 S.Ct. 559, 82 L.Ed. ——, decided by the United States ·Supreme Court, February 28, 1938.

The motion to dismiss is denied. The defendant is given leave to answer within 10 days after service of a copy of this order upon its attorney. Settle order on 2 days' notice.