## LINEN THREAD CO., Limited, v. COMMISSIONER OF INTERNAL REVENUE.

### No. 178.

Circuit Court of Appeals, Second Circuit.
May 15, 1942.

Prew Savoy, of Washington, D. C., for petitioner.

Harper & Matthews, of New York City (Ben A. Matthews, Joseph B. Miller, Arthur R. Gaetjens, and James E. Austin, all of New York City, of counsel), amicus curiae for Aktiebolaget Separator.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch and L. W. Post, Sp. Assts. to the Atty. Gen., for respondent.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The Commissioner determined the income taxes for 1937 and 1938 on the United States income of the petitioner, a Scotch Corporation, under the provisions of § 231(a) of the Revenue Act of 1938, 26 U.S.C.A. Int.Rev.Acts, page 1097, as though it were a non-resident. The petitioner contended that it was entitled to be treated as a resident and have such taxes assessed at the rate provided in subsection (b) of the above section of the statute which applies to the income of a resident foreign corporation the lower rate of § 14 (e)(1) of the Act, 26 U.S.C.A. Int.Rev. Acts, page 1007. The Board redetermined the taxes as the Commissioner had determined them and the taxpayer filed this petition to review.

The petitioner was a resident of this country for purposes of taxation during any taxable period in which it engaged in trade or business within the United States or had an office or place of business in this country within the statutory meaning of those terms as used in § 231(b) of the 1938 Act.

The Board found that the petitioner did not engage in business in this country during either 1937 or 1938. Compare McCoach v. Minehill & S. H. Railroad Co., 228 U.S. 295, 33 S.Ct. 419, 57 L.Ed. 842. This eliminates that much of the problem since the Board's findings are not questioned by either party and are final. The record contains none of the evidence and we review the decision of the Board only to determine whether it was correct under the law on the facts as found. Sitterding v. Commissioner, 4 Cir., 80 F.2d 939.

The Board found that the petitioner was incorporated in Scotland and had its manufacturing plants and head office in Glasgow; that it had large investments in the United States and elsewhere and sold its manufactured goods to its wholly-owned American subsidiary, The Linen Thread Co., Inc., a Delaware corporation.

It also found that in 1937 and 1938 petitioner filed federal income tax returns with the Collector of Internal Revenue for the Third District of New York. These returns were executed in Glasgow and sent to the United States for filing. In 1937 withholding tax returns were filed by the American subsidiary, Linen Thread Co., Inc., and by the American Thread Co.,

disclosing taxes withheld respectively of $50,305.36 and $253.86 on payments made to petitioner in that year. For the year 1938 the American Thread Co. filed a withholding tax return disclosing a tax of $257.25 withheld for petitioner. That year the petitioner paid an income tax of $11,156.33.

The Board further found as follows:

"William J. MacInnis was the resident agent of the petitioner and held a power of attorney-in-fact for the petitioner in the United States. For over thirty years he had been connected with the petitioner's American subsidiary, as salesman, factory manager, and vice-president. As petitioner's resident agent, he received the dividends from the petitioner's investments in the United States, consisting of shares of stock of the American Thread Co., United Shoe Machinery Corporation and the Linen Thread Co. Inc., and also the interest due petitioner by its American subsidiary on indebtedness incurred in the purchase of goods in Scotland. Petitioner's resident agent deposits the money so received in a New York bank, pays the rent and taxes, and remits the balance to petitioner at Glasgow. He files Federal and State tax returns, looks after petitioner's investments and any changes in the general business or in products or material which would affect petitioner, such as the new 'nylon.' The petitioner does not engage in business in the United States and its activities in the United States are confined entirely to those stated above.

"In 1937 petitioner's resident agent had an office in the Central Hanover Bank Building, New York City, and in December 1937 moved into the Chanin Building at 122 East 42nd Street, New York City, where he rents a room on a monthly basis, the lease naming petitioner as tenant. During 1938 the resident agent maintained this office in the Chanin Building. The petitioner employed no clerk or stenographer at this office but called on the owners of the building for such service, when required. The petitioner's name appears on the office door and in the New York City telephone book. The office is furnished, and a ledger, journal and cash book, to record receipts and expenditures, are maintained there. There were never any official meetings of directors or officers of the petitioner at petitioner's office in New York City, and no contracts of sale or other business activities were carried on there, but petitioner's managing director came to the office in 1937 and another director once stopped there enroute from Australia to Scotland."

Decision must turn upon whether the petitioner maintained an office or place of business in this country. The terms are not mutually exclusive and though used in the statute in the disjunctive do not necessarily mean that an office may not be a place of business or the latter be but an office. Yet they apparently were not used synonymously either and, if possible, should be construed so that a foreign corporation might be within the statute if it had an office here without any other place of business or a place of business here without what might be fairly called an office. We think such a construction is possible. If Art. 231-1(b) of T.R. 101 promulgated under the Revenue Act of 1938 is valid, it is of considerable help in limiting the permissible scope of the phrase "office or place of business" as used in the statute.

■ Insofar as now material the regulation provides that: "Whether a foreign corporation has an 'office or place of business' within the United States depends upon the facts in the particular case. The term 'office or place of business,' however, implies a place for the regular transaction of business and does not include a place where casual or incidental transactions might be, or are, effected." This was the same language as was previously used in Art. 231-1(b) of T.R. 94, and has since been continued. See T.R. 103; § 19.231(b). Meanwhile that part of the statute, now § 231 of the Internal Revenue Code, 26 U.S. C.A. Int.Rev.Code, § 231, has been left unchanged. The regulations are valid because reasonable and within the fair meaning of the statute. Magruder v. Washington, B. & A. Realty Corp., 316 U.S. ——, 62 S.Ct. 922, 86 L.Ed. ——, decided April 13, 1942; Fawcus Machine Co. v. United States, 282 U.S. 375, 51 S.Ct. 144, 75 L.Ed. 397; Cf. Manhattan General Equipment Co. v. Commissioner, 297 U.S. 129, 134, 56 S.Ct. 397, 80 L.Ed. 528. Substantial weight should also be given the fact that such departmental interpretation has not led to any change in the statute. Taft v. Commissioner, 304 U.S. 351, 58 S.Ct. 891, 82 L.Ed. 1393, 116 A.L.R. 346; United States v. Dakota-Montana Oil Co., 288 U.S. 459, 53 S.Ct. 435, 77 L.Ed. 893.

The findings show that the petitioner had neither an office nor a place of business in the United States which would come within the statutory provisions as explained by the regulations.

We cannot, therefore, give effect to the regulations and at the same time subscribe to the petitioner's argument that there is such a statutory contrast between "office" and "place of business" as used in the phrase "office or place of business" in § 231(b) of the 1938 Act that the maintenance of an office which was not used or kept for the transaction of the petitioner's ordinary business would entitle this foreign corporation to be taxed as a resident.

Affirmed.