BOWLES, Price Administrator, O. P. A., v. EDWARDS MFG. CO.

District Court, S. D. New York.
Nov. 29, 1944.

888

John D. Masterton, of New York City, for plaintiff.

Lord, Day & Lord, of New York City (Thomas F. Daly, of New York City, of counsel), for defendant.

RIFKIND, District Judge.

Defendant, appearing specially, moves to dismiss the action for improper venue and to quash the service of process.

The action is by the Price Administrator and the complaint is in two counts: The first for a money judgment for treble damages on account of alleged violations of the Emergency Price Control Act of 1942; and the second for a permanent injunction restraining the defendant from selling in excess of the prices established by Maximum Price Regulation 118. Federal jurisdiction is founded on § 205(c) of the Act, 50 U.S.C.A.Appendix § 925 (c).

The moving and answering affidavits disclose, without contradictions of substance, that:

Defendant is a Maine corporation. Its plant and offices are located in Augusta, Maine. It is not licensed to do business in New York. Defendant is listed in the Manhattan telephone directory where its address is given as 40 Worth Street in the Borough of Manhattan. At that address is an office occupied by H. D. Ruhm, Jr. Defendant's name appears on the entrance door to that office. H. D. Ruhm, Jr., does business under the trade name of "Maine Mills". As such, he solicits orders, "subject to acceptance by seller at Augusta, Maine," for defendant and four other manufacturers located in Maine. The manufacturers pay the expense of maintaining the office and Ruhm's salary by a system of apportionment among themselves. An affidavit submitted by plaintiff also asserts that "deliveries of commodities by defendant have been made to residents of New York City"; but the affidavit does

not disclose whether the commodities were those involved in the alleged violations or whether the deliveries were made in the Southern District of New York.

Service of process was made by delivering copy of the summons to Ruhm.

The motion presents three distinct questions:

1. Was the action instituted in the proper district?

2. Was service of process made in the proper district?

3. Was the process delivered to the proper person?

The controlling statute is § 205(c) of the Emergency Price Control Act as amended by the Act of June 30, 1944, 50 U.S.C.A. Appendix § 925(c), which reads: "The district courts shall have jurisdiction of criminal proceedings, for violations of section 4 of this Act, and, concurrently with State and Territorial courts, of all other proceedings under section 205 of this Act. Such criminal proceedings may be brought in any district in which any part of any act or transaction constituting the violation occurred. Except as provided in section 205(f) (2) [relating to suspension of licenses], such other proceedings may be brought in any district in which any part of any act or transaction constituting the violation occurred, and may also be brought in the district in which the defendant resides or transacts business, and process in such cases may be served in any district wherein the defendant resides or transacts business or wherever the defendant may be found: Provided, however, That all suits under subsection (e) of this section [relating to treble damage suits] shall be brought in the district or county in which the defendant resides or has a place of business, an office, or an agent."

Venue is a matter of statutory regulation. Cases arising under the Federal Employers' Liability Acts, 45 U.S.C.A. § 51 et seq., the patent law, the anti-trust laws and other special statutes are instructive but not controlling. In each case the specific statutory prescription must be examined. No case has been called to my attention which construes § 205(c) of the Emergency Price Control Act. The words of the statute indicate that in injunction suits venue may be laid in any district in which (1) any part of any act or transaction constituting the violation occurred; or (2) defendant resides; or (3) transacts business. With respect to treble damage suits, the statute, § 205(e), authorizes action in any district or county in which the defendant (1) resides; or (2) has a place of business; (3) an office; or (4) an agent.

As to the treble damage suit, clearly defendant does not reside in the district nor does it affirmatively appear that any violation or acts constituting part of a violation occurred here. I shall assume, too, that transacting business is synonymous with doing business, Griffin v. Implement Dealers' M. F. Ins. Co., 1932, 62 N.D. 21, 241 N.W. 75, 77; LaBelle v. Hennepin County Bar Ass'n, 1939, 206 Minn. 290, 288 N.W. 788, 790, 125 A.L.R. 1023. Cf. People ex rel. Miles v. Montreal & B. Copper Co., 1903, 40 Misc. 282, 285, 81 N.Y.S. 974; Westor Theatres v. Warner Bros. Pictures, Inc., D.C.N.J.1941, 41 F.Supp. 757, 761; and that defendant's conduct within the state, being limited to solicitation without more, does not constitute transacting business. Green v. Chicago, B. & Q. Railway Co., 1907, 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916; Philadelphia & Reading Railway Co. v. McKibbin, 1917, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; People's Tobacco Co., Ltd. v. American Tobacco Co., 1918, 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537; Wood v. Delaware & H. R. Corp., 2 Cir., 1933, 63 F.2d 235; Schilling v. Delaware & H. R. Corp., 2 Cir., 1940, 114 F.2d 69; Frene v. Louisville Cement Co., 1943, 77 U.S.App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926; Jacobowitz v. Thomson, D.C.S.D.N.Y.1943, 3 F.R.D. 471. Cf. Shelton v. Schwartz, 7 Cir., 1942, 131 F.2d 805.

Facts very similar to those of the instant case have been held insufficient to show the existence of a "regular and established place of business", Root v. Samuel Cupples Envelope Co., D.C.S.D.N.Y.1929, 36 F.2d 405; and in American Electric Welding Co. v. La Lance, D.C.Mass.1917, 256 F. 34, 36, were held insufficient to prove possession of a "place of business." The issue of fact, therefore, boils down to whether the defendant has an office or an agent in the district. I think both questions should be answered in the affirmative. Defendant pays rent, occupies quarters and pays a salary to an employee who engages in the furthering of defendant's business. I should suppose that these quarters constitute the defendant's office. The fact that it also constitutes someone else's of-

fice does not seem to me to be a serious obstacle. Defendant argues that place of business and office are synonymous, citing General Reduction Co. v. Tharpe, 1912, 11 Ga.App. 334, 75 S.E. 339, 340; Bradley v. Certigue Mining & Dredging Co., 1916, 93 Misc. 519, 157 N.Y.S. 275; Stegall v. American Pigment & Chemical Co., 1910, 150 Mo.App. 251, 130 S.W. 144; Padrick v. M. C. Kiser Co., 1924, 33 Ga.App. 15, 124 S.E. 901. No doubt the word "office" may be used in the sense of a place of business but where the statute uses both phrases, established rules of construction militate against assigning an identical meaning to both. Linen Thread Co. v. Commissioner of Internal Revenue, 2 Cir., 1942, 128 F.2d 166, 168. So also I think that Ruhm is defendant's agent. It appears that he was a salaried employee soliciting orders for defendant. That was the scope of his authority. He was held out to the public as a selling agent by the order form used by defendant. It seems to me that he snugly fits the definition of agent given in Columbia University Club v. Higgins, D.C.S.D.N.Y.1938, 23 F.Supp. 572. Chase Bag Co. v. Munson Steamship Line, 1924, 54 App.D.C. 169, 295 F. 990, 992, is not in conflict for the statute therein construed provided that "in actions against foreign corporations doing business in the District all process may be served on the agent of such corporation or person conducting its business there." All the court decided in that case was that the defendant was not doing business in the district.

I conclude, therefore, that the action for treble damages is properly laid in this district.

 This alone does not save the cause of action for an injunction. "The venue must be proper as to each cause of action". 2 Moore's Federal Practice, 2123. As to the injunction suit, the venue is improper unless the defendant may be said to "transact business" within the district. This standard is the one prescribed under the Clayton Act, 38 Stat. 730; and in construing that statute the Supreme Court has held that though a foreign corporation may not be "doing business" within a district so as to be "found" therein, it may nevertheless be deemed to be transacting business there so as to make the venue proper. And on facts similar to those in the instant case, it found the venue proper. Eastman Co. v. Southern Photo Co., 1927, 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684.

I, therefore, overrule the objection as to venue with respect to the injunction suit.

 The second question is whether process was served in the proper district. It is clear that Congress may provide for service in one district and venue in another. Eastman Co. v. Southern Photo Co., supra. The statutory requirement under § 205(c) is that process may be served in any district wherein defendant resides or transacts business or wherever the defendant may be found. Because of the decision I reach on the third question I find it unnecessary to answer this one.

 The third question is whether the summons and complaint were delivered to the proper person. The Emergency Price Control Act is silent on the subject and the inference is inescapable that the general rule governs. Cf., 28 U.S.C.A. § 109; Rule 4(d) (3) and (7). Subdivision (7) brings into operation § 229 of the New York Civil Practice Act.

 Ruhm is not an officer, managing or general agent under Rule 4(d) (3); nor is he a managing agent under § 229, N.Y. Civil Practice Act. Cohen v. American Window Glass Co., 2 Cir., 1942, 126 F.2d 111. It is equally clear that the propriety of the venue does not make service on an unauthorized agent valid. Philadelphia & Reading Railway Co. v. McKibbin, 1917, 243 U.S. 264, 265, 37 S.Ct. 280, 61 L.Ed. 710. This leads to the conclusion that service of process was not made in the manner authorized by law and must be quashed.

Settle order on notice.