## LINEN THREAD CO., Limited, v. COMMISSIONER OF INTERNAL REVENUE.

### No. 54.

Circuit Court of Appeals, Second Circuit.

Dec. 28, 1945.

Prew Savoy, of Washington, D. C., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, J. Louis Monarch and Helen Goodner, Sp. Assts. to the Atty. Gen., for respondent.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

SWAN, Circuit Judge.

This litigation results from disagreement between the parties as to whether the taxpayer, incorporated under the laws of Scotland, is taxable on income received from sources within the United States during the years 1939 and 1940, as a nonresident un-

der paragraph (a) of section 231 of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 231(a, b), or as a resident under paragraph (b) of said section. The commissioner taxed it as a nonresident corporation and the Tax Court sustained his ruling; the petitioner contends this was error.

The same dispute with respect to the years 1937 and 1938 was presented to this court in Linen Thread Co. v. Commissioner, 128 F.2d 166, certiorari denied Linen Thread Co. v. Helvering, 317 U.S. 673, 63 S.Ct. 79, 87 L.Ed. 514, where the petitioner was held taxable as a nonresident. The facts with respect to the petitioner's operations in the United States for 1939 and 1940 are in all material respects the same as the facts involved as to the years 1937 and 1938 in the earlier case.[1] The Commissioner does not contend, however, that that decision is res judicata as to later years.

Section 231(b) reads as follows: "(b) Resident corporations. A foreign corporation engaged in trade or business within the United States or having an office or place of business therein shall be taxable as provided in section 14(e) (1)."

Concededly the petitioner was not engaged in trade or business within the United States. The sole issue is whether it had "an office or place of business" here during 1939 and 1940. On the basis of the undisputed evidence relating to those years the Tax Court concluded that the taxpayer did not maintain "an office or place of business" within the United States as these words are interpreted by the applicable Treasury Regulations. If the regulation is valid, this finding, supported as it is by substantial evidence, is not reviewable by an appellate court. Commissioner v. Scottish American Co., 323 U.S. 119, 65 S.Ct. 169. The appellant argues that this rule has been nullified by Bingham's Trust v. Commissioner, 325 U.S. 365, 65 S.Ct. 1232. We do not so read the opinion; indeed, it cites the Scottish American case as one involving a question for the trier of fact.

In making its finding the Tax Court relied upon Article 19.231-1(b) of Treasury Regulations 103 which interprets the statutory words "office or place of business." [2] The same language appeared in the Treasury Regulations applicable to the years involved in our prior decision and we there held the regulation valid. The appellant contends that the legislative history of section 160(d) of the Revenue Act of 1942, 56 Stat. 861, 26 U.S.C.A. Int.Rev. Acts, demonstrates that we misconstrued the meaning of the statute, and erred in holding the regulation valid; and that the Tax Court similarly erred in the case at bar. Section 160(d) of the 1942 Act amended section 231(b) of the Code by striking out "or having an office or place of business therein"; it was to be effective for taxable years commencing after December 31, 1941. The committee reports respecting the amendment may be found in H.Rep. No. 2333, 77th Cong.2d Sess. pp. 50, 103 (1942—2 Cum.Bull. 372); S.Rep. No. 1631, 77th Cong.2d Sess. pp. 50-51, 135-136 (1942—2 Cum.Bull. 504). The appellant construes them as indicating an opinion that before the amendment a foreign corporation which maintained an office to handle investments in the United States was classifiable as a resident under § 231(b). We do not so read the reports. They say that with respect to past years the provisions of existing law shall continue to apply; that a corporation having an office or place of business will still be within section 231(b), even though not engaged in trade or business within the United States. We find nothing in them as to the character of "office" required under existing law, nor any expression of disapproval of the existing regulation construing "office or place of business". Hence it is unnecessary to consider the controversial question whether the courts should give weight to committee reports of a later Congress purporting to interpret a statute enacted by an earlier Congress. Cf. Commissioner v. Rabenold, 2 Cir., 108 F.2d 639, 641. We therefore adhere to the view expressed in the earlier Linen Thread case

[1] As the facts are set out in extenso in our former opinion they need not be repeated here.

[2] Article 19.231-1(b) of Treasury Regulations 103 provides in part as follows:
"Whether a foreign corporation has an 'office or place of business' within the United States depends upon the facts in a particular case. The term 'office or place of business,' however, implies a place for the regular transaction of business and does not include a place where casual or incidental transactions might be, or are, effected."

[128 F.2d 168], that the regulation is valid and the "casual or incidental transactions" of the petitioner during the taxable years did not meet its definition of "office or place of business."

Order affirmed.